JOHN W. HUBER, United States Attorney (#7226)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT

SEALED 29
DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>OLEG MIKHAYLOVICH TISHCHENKO,<br>KENNETH EDWARD SULLIVAN,<br><br>    Defendants. | INDICTMENT<br><br>VIOLATIONS:<br>[Count 1]18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States;<br><br>[Counts 2] 22 U.S.C. § 2778, Arms Export Control Act;<br><br>[Count 3]18 U.S.C. § 554, Smuggling Goods from the United States;<br><br>[Counts 4] 22 U.S.C. § 2778, Attempted Arms Export Control Act;<br><br>[Count 5]18 U.S.C. § 554, Attempted Smuggling Goods from the United States. |
| The Grand Jury charges: | Case: 1:16-cr-00034<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 6/15/2016<br>Description: USA v. |

### Conspiracy Background

At all times material to this Indictment:

1.     The Arms Export Control Act ("AECA") authorizes the President of the

United States to control the export of defense articles and defense services from the

1

United States. Unless a specific exception applies, the AECA provides that no defense article or defense service may be exported without a license for such export. 22 U.S.C. § 2778(b)(2). The regulations promulgated pursuant to the AECA are the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations Sections 120-130. The United States Department of State, Directorate of Defense Trade Controls ("DDTC") administers the ITAR and regulates the export of defense articles. Section 2778(c) of the AECA establishes criminal penalties for any willful violation of Section 2778 or any rule or regulation thereunder. Under Section 123.1 of the ITAR, any person who intends to export a defense article must obtain the approval of DDTC before such export occurs. ITAR Section 126.1 specifies that it is the policy of the United States to deny licenses and other approvals for exports of defense articles and defense services destined for Belarus, Cuba, Eritrea, Iran, North Korea, Syria, and Venezuela, as well as countries with respect to which the United States maintains an arms embargo (e.g., Burma, China, Liberia, and Sudan) or whenever an export would not otherwise be in furtherance of world peace and the security and foreign policy of the United States. 22 C.F.R. § 126.1. Pursuant to the ITAR, it is a violation for a person to conspire to export or to cause to be exported any defense article without a license. 22 C.F.R. § 127.1. It is also unlawful for any person to "knowingly or willfully cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by . . . 22 U.S.C. § 2778," or any regulation issued thereunder. 22 C.F.R. § 127.1(d). The ITAR defined exporting to include, among other things: "[s]ending or taking a defense article out of the United States in any manner . . . ." 22 C.F.R. § 120.17.

2

2.      The ITAR defined a defense article to be any item on the United States

Munitions List ("USML") contained in the regulations.  The USML set forth twenty-one

categories of defense articles that are subject to export licensing controls by DDTC. 22

C.F.R. § 121.1.

3.      It is also unlawful for a person to violate United States Smuggling laws.

Specifically, it is unlawful to fraudulently or knowingly export or send from the United

States, or attempt to export or send from the United States, any merchandise, article, or

object contrary to any law or regulation of the United States, or receive, conceal, buy,

sell, or in any manner facilitate the transportation, concealment, or sale of such

merchandise, article or object, prior to exportation, knowing the same to be intended for

exportation contrary to any law or regulation of the United States.  18 U.S.C. § 554.

4.      OLEG MIKHAYLOVICH TISHCHENKO (TISHCHENKO) is a citizen of

Russia.

5.      KENNETH EDWARD SULLIVAN (SULLIVAN) is a citizen of the United

States.

6.      Air Force Technical Orders (flight manuals) are defense articles designated in

Category I (a) on the USML, which may not be exported from the U.S. without a license

or authorization from the State Department.

### The Conspiracy and Its Objects

7.      On June 22, 2011, TISHCHENKO initiated communications on the DCS

online forum entitled "Help needed with eBay item shipping." TISHCHENKO addressed

online forum users by stating he was preparing to bid on a series of F-16 A/B Air

3

Defense Fighter (ADF) manuals being sold on eBay. TISHCHENKO requested shipping

assistance from forum users due to the restrictions placed on international bidders.

TISHCHENKO stated the seller would not ship the items outside of the U.S.,

TISHCHENKO requested a DCS forum user receive the packages and forward the items

to Moscow, Russia.

8.       On June 23, 2011, a DCS forum user "Moby" offered to assist

TISHCHENKO with receiving and shipping the F-16 A/B flight manuals. The profile

associated with DCS forum user "Moby" was identified as belonging to SULLIVAN in

Texas, U.S.A.

## COUNT 1
(Conspiracy to Commit an Offense Against the United States)
18 U.S.C. § 371

9.       Beginning on or about June 23, 2011, and continuing until on or about

October 25, 2016, in the Northern Division of the District of Utah and elsewhere,

**OLEG MIKHAYLOVICH TISHCHENKO**

**and**

**KENNETH EDWARD SULLIVAN,**

the defendants herein, and others known and unknown to the Grand Jury, knowingly and

willfully combined, conspired, confederated, and agreed with each other to violate the

AECA and the ITAR by exporting defense articles without first obtaining licenses from

the Department of State, Directorate of Defense Trade Controls, as outlined in Count 2 of

this Indictment,  in violation of Title 22, United States Code, Section 2778(b)(2) and

4

2778(c), and Title 22, United States Code of Federal Regulations, Section 121.1, 123.1, 126.1, and 127.1; all in violation of Title 18, United States Code, Section 371.

      10.    It was the plan and purpose of this conspiracy to purchase and ship Air Force Technical Orders (flight manuals), and to have them exported from the United States to Moscow, Russia.

### Manner and Means of the Conspiracy

      11.    The conspirators would and did use the following manner and means, among others, to accomplish the objects of the conspiracy:

      a. From June 2011 through October 2011, TISHCHENKO contacted SULLIVAN through the DCS online forum to ship Air Force Technical Orders (flight manuals), to Moscow, Russia.

      b. On June 22, 2011, TISHCHENKO initiated communications on the DCS online forum entitled "Help needed with eBay item shipping." TISHCHENKO requested shipping assistance of flight manuals from forum users due to the restrictions placed on international bidders. TISHCHENKO stated the seller would not ship the items outside of the U.S., so TISHCHENKO requested a DCS forum user receive the packages and forward the items to Moscow, Russia.

      c. On June 23, 2011, SULLIVAN offered to assist TISHCHENKO with receiving and shipping the F-16 A/B flight manuals. On June 29, 2011, the eBay auction ended. On October 25, 2011, SULLIVAN posted a comment that he had shipped the Air Force Technical Orders (flight manuals) and was concerned that he had violated the law.

d. No party to the transactions obtained export licenses from the DDTC in the District of Utah or elsewhere for export from the United States of defense articles to Moscow, Russia.

### Overt Acts in Furtherance of the Conspiracy

12.     In furtherance of the conspiracy alleged above and to effect the object thereof, the following overt acts were committed and caused to be committed by the defendant and others in the Northern Division of the District of Utah, and elsewhere:

a. On June 22, 2011, TISHCHENKO initiated communications on the DCS online forum entitled "Help needed with eBay item shipping." TISHCHENKO addressed online forum users by stating he was preparing to bid on a series of F-16 A/B Air Defense Fighter (ADF) manuals being sold on eBay. TISHCHENKO requested shipping assistance from forum users due to the restrictions placed on international bidders. TISHCHENKO stated the seller would not ship the items outside of the U.S., TISHCHENKO requested a DCS forum user receive the packages and forward the items to Moscow, Russia.

b. On June 23, 2011, a DCS forum user "Moby" offered to assist TISHCHENKO with receiving and shipping the F-16 A/B flight manuals. The profile associated with DCS forum user "Moby" was identified as belonging to SULLIVAN in Texas, U.S.A.

c. On June 29, 2011, the eBay auction ended. On that same date TISHCHENKO changed his shipping address to SULLIVAN's address in Texas.

d. On or between June 29, 2016 and October 25, 2011, SULLIVAN shipped the Air Force Technical Orders (flight manuals) to TISHCHENKO in Moscow, Russia. All in violation of Title 18, United States Code, Section 371.

e. From January 1, 2012 through September 17, 2015, TISHCHENKO repeatedly auctioned F-16A flight manuals, including the F-16A Fault Reporting Manual and the F-16A General Vehicle Description, on DVD to individuals located in Cyprus, Japan, Netherlands, Australia, Germany, and Taiwan.

### COUNT 2
(Unlawful Export of Arms and Munitions)
22 U.S.C. §2778(b)(2) and (c)

13.    The Grand Jury incorporates by reference the allegations in paragraphs 1 through 12 as if fully stated herein.

Beginning on or about June 22, 2011, and continuing until October 25, 2011, in the Northern Division of the District of Utah and elsewhere,

**OLEG MIKHAYLOVICH TISHCHENKO**

**and**

**KENNETH EDWARD SULLIVAN,**

the defendants herein, knowingly and willfully exported and caused to be exported from the United States to Moscow, Russia defense articles, that is, United States Air Force Technical Orders (flight manuals), which provide concise and clear instructions for the safe and effective operation and maintenance of the United States Air Force F-16A

fighter jets, as listed below, which was designated as a defense article on United States

Munitions List, without first obtaining from the Department of State a license for such

export or written authorization for such export:

    • Document entitled "TO 1F-16A-2-00FR-00-1, Technical Manual
Fault Isolation Organization Maintenance Fault Reporting USAF/EPAF Series F-16A
and F-16B; contains technical data by Category VIII (i) on the USML;

    • Document entitled "TO 1F-16A-2-00GV-00-1, Technical Manual
General Vehicle Organizational Maintenance Description USAF/EPAF Series F-16A and
F-16B Aircraft; contains technical data by Category VIII (i) on the USML;

all in violation of 22 U.S.C. §§ 2778(b)(2) and (c), and 22 C.F.R. §§ 121.1, 123.1, 127.1

and 127.3.

## COUNT 3
18 U.S.C. § 554
(Smuggling Goods from the United States)

    14.    The Grand Jury incorporates by reference the allegations in paragraphs 1

through 12 as if fully stated herein.

    Beginning on or about June 22, 2011, and continuing until October 25, 2011, in

the Northern Division of the District of Utah and elsewhere,

**OLEG MIKHAYLOVICH TISHCHENKO**

**and**

**KENNETH EDWARD SULLIVAN,**

the defendants herein, did fraudulently and knowingly attempt to export and did export

and send merchandise from the United States, and did facilitate the transportation,

concealment and sale of merchandise, articles, and objects, to wit:  United States Air

Force Technical Orders (flight manuals), which provide concise and clear instructions for

the safe and effective operation and maintenance of the United States Air Force F-16A

fighter jets:

&bull; Document entitled "TO 1F-16A-2-00FR-00-1, Technical Manual
Fault Isolation Organization Maintenance Fault Reporting USAF/EPAF Series F-16A
and F-16B; contains technical data by Category VIII (i) on the USML;

&bull; Document entitled "TO 1F-16A-2-00GV-00-1, Technical Manual
General Vehicle Organizational Maintenance Description USAF/EPAF Series F-16A and
F-16B Aircraft; contains technical data by Category VIII (i) on the USML;

from the United States to Moscow, Russia, prior to exportation, knowing the same to be

intended for exportation contrary to any law or regulation of the United States, to wit: 22

U.S.C. § 2278, a law and regulation of the United States; all in violation of 18 U.S.C.

§ 554.

**COUNT 4**
(Attempted Unlawful Export of Arms and Munitions)
22 U.S.C. §2778(b)(2) and (c)

15.     The Grand Jury incorporates by reference the allegations in paragraphs 1

through 12 as if fully stated herein.

Beginning on or about March 23, 2016, and continuing through March 26, 2016,

in the Northern Division of the District of Utah and elsewhere,

**OLEG MIKHAYLOVICH TISHCHENKO,**

the defendant herein, did knowingly and willfully attempt to export from the United

States to Moscow, Russia, defense articles, that is,  United States Air Force Technical

Orders (flight manuals), which provide concise and clear instructions for the safe and

9

effective operation and maintenance of the United States Air Force F-16 and F-22 fighter
jets, as listed below, which were designated as a defense article on United States
Munitions List, without first obtaining from the Department of State a license for such
export or written authorization for such export:

• Document entitled "TO 1F-16CM-1-2, Technical Manual
Supplemental Flight Manual USAF Series F-16C and F-16D CCIP Aircraft Blocks 40,
42, 50, and 52 contains technical data by Category VIII (i) on the USML;

• Document entitled "TO 1F-22A-1, Technical Manual Flight Manual USAF
Series Aircraft F-22A Raptor Aircraft 91-007 and on; contains technical data by Category
VIII (i) on the USML;

• Document entitled "TO 1F-22A-34-1-1, Nonnuclear Weapons Delivery Flight
Manual USAF Series Aircraft F-22A Raptor Increment 3.2 Aircraft 91-007 and on;
contains technical data by Category VIII (i) on the USML;

all in violation of 22 U.S.C. §§ 2778(b)(2) and (c), and 22 C.F.R. §§ 121.1, 123.1, 127.1
and 127.3.

## COUNT 5
### 18 U.S.C. § 554
(Attempted Smuggling of Goods from the United States)

16.    The Grand Jury incorporates by reference the allegations in paragraphs 1
through 12 as if fully stated herein.

Beginning on or about March 23, 2016, and continuing through March 26, 2016,
in the Northern Division of the District of Utah and elsewhere,

**OLEG MIKHAYLOVICH TISHCHENKO,**

the defendant herein, did fraudulently and knowingly attempt to export and send
merchandise from the United States, and did attempt to facilitate the transportation,

10

concealment and sale of merchandise, articles, and objects, to wit: United States Air

Force Technical Orders (flight manuals), which provide concise and clear instructions for

the safe and effective operation and maintenance of the United States Air Force F-16 and

F-22 fighter jets:

• Document entitled "TO 1F-16CM-1-2, Technical Manual Supplemental Flight Manual USAF Series F-16C and F-16D CCIP Aircraft Blocks 40, 42, 50, and 52 contains technical data by Category VIII (i) on the USML;

• Document entitled "TO 1F-22A-1, Technical Manual Flight Manual USAF Series Aircraft F-22A Raptor Aircraft 91-007 and on; contains technical data by Category VIII (i) on the USML;

• Document entitled "TO 1F-22A-34-1-1, Nonnuclear Weapons Delivery Flight Manual USAF Series Aircraft F-22A Raptor Increment 3.2 Aircraft 91-007 and on; contains technical data by Category VIII (i) on the USML;

from the United States to Moscow, Russia, prior to exportation, knowing the same to be

intended for exportation contrary to any law or regulation of the United States, to wit: 22

U.S.C. § 2278, a law and regulation of the United States; all in violation of 18 U.S.C.

§ 554.

A TRUE BILL:

15|_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CARLOS A. ESQUEDA
Assistant United States Attorney

11