IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OLEG MIKHAYLOVICH TISHCHENKO,<br><br>Defendant. | **ORDER GRANTING REQUEST FOR DETENTION**<br><br>Case No. 1:16-CR-00034-DAK-BCW |

This case was referred to the undersigned by Judge Dale A. Kimball pursuant to 28 U.S.C. §636 (b)(1)(A).[1] Before the court is the Government's Request for Detention. The court carefully reviewed the affidavits in support of and the arguments made by the parties during the hearing on April 4, 2019. The court hereby GRANTS the Government's motion.

## BACKGROUND

Defendant Oleg Mikhaylovich Tishchenko is a Russian national with no ties to the State of Utah. Notably, Russia is one of the countries that does not have an extradition treaty with the United States.[2] In June 2016, Defendant was charged with several crimes involving the unlawful export and smuggling of arms and munitions from the United States. Thereafter, Defendant was apprehended in the country of Georgia, and in June 2018, the government filed a Request for Extradition to the United States.[3] On March 15, 2019, an arraignment and pre-trial

---

[1] ECF No. 34.
[2] *See* 18 U.S.C. §3181, notes section.
[3] ECF Nos. 28 and 29.

conference was held in this matter.⁴ During that proceeding, Defendant's counsel requested a continuance of the detention hearing. Accordingly, a Temporary Detention Order was issued.⁵ The Detention Hearing was held on April 4, 2019.⁶ Prior to the hearing, the Russian Consulate was notified of the proceedings, thus fulfilling the requirements of the Vienna Convention.

## ANALYSIS

Pursuant to Title 18 U.S.C §3142 *et seq.*, a judicial officer is required to hold a hearing to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community."⁷

During the hearing, Plaintiff argued he has a friend in San Diego–a former colleague– who has agreed to provide a monthly one-thousand dollars allowance to pay for Plaintiff's lodging in Utah while he awaits trial. Defendant's counsel proposed the monthly allowance be documented and that Defendant also be required to provide proof of a secure month-to-month housing lease. Notably, the government obtained an Immigration and Customs Enforcement (ICE) detainer⁸ because Defendant will be out-of-status during the pendency of these proceedings.

Here, the Defendant faces imprisonment for up to ten years if found guilty of engaging in the export of arms to a foreign country. It is alleged Defendant was trying to smuggle classified information regarding F-16 A/B Defense Fighter jet manuals out of the United States. Defendant has no ties to Utah or the United States, but for his San Diego acquaintance. The information and/or proposal provided during the hearing about potential lodging arrangements for Defendant

---

⁴ ECF No. 31.
⁵ ECF No. 39.
⁶ ECF Nos. 46 and 47.
⁷ *See* 18 U.S.C. §3142
⁸ Because Defendant does not have permission to live or work in the United States, he is considered an undocumented immigrant subject to deportation.

were vague. Finally, Defendant's country of origin, Russia, does not have an extradition treaty with the United States.

Under these circumstances, the court has no option but to find there is a serious flight risk. Also, given Defendant is alleged to have been involved in illegal arms and munition dealing, he may also pose a risk to the community. As such the court finds there are no conditions or combination of conditions that will reasonably assure the appearance of Defendant. Accordingly, the Government's Request for Pre-trial Detention is GRANTED.

DATED this 10th day of April, 2019.

Brooke C. Wells
United States Magistrate Judge