SCOTT KEITH WILSON, Acting Federal Public Defender (#7347)
WOJCIECH NITECKI, Assistant Federal Public Defender (#12187)
ROBERT L. STEELE, Assistant Federal Public Defender (#5546)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLEG MIKHAYLOVICH TISHCHENKO,<br><br>Defendant. | **MOTION TO DISMISS<br>COUNTS 4 AND 5**<br><br>Case No. 1:16-cr-00034 DAK |

The Defendant, Oleg Mikhaylovich Tishchenko, by and through counsel of record, Wojciech Nitecki and Robert Steele, moves this Court to dismiss counts 4 and 5 of the Indictment.

**INDICTMENT**

In counts 4 and 5, the government charged Tishchenko with violation of 22 U.S.C. § 2778, Attempted Arms Export Controls Act, and 18 U.S.C. § 554, Attempted Smuggling Goods from the United States. The Indictment, filed June 15, 2016, explains that the International Traffic in Arms Regulations ("ITAR") prohibits shipping certain goods out of the United States without the authorization from the Defense Department. It further alleges that in June of 2011,

Tishchenko purchased F-16 A/B flight manuals on eBay, and had them shipped to Kenneth Sullivan in Texas, who in turn sent them to Moscow (conduct covered in Counts 1-3).

The Indictment provides no information, however, about the conduct covered in counts 4 and 5. In those counts, the prosecution alleged that between March 23 and March 26 of 2016, Mr. Tishchenko attempted to violate 22 U.S.C. § 2778 and 18 U.S.C. § 554. Beyond incorporating the information provided elsewhere in the Indictment, counts 4 and 5 only list statutory elements of the offenses, and the three manuals involved.

Notably, nothing the government has provided to the defense in the discovery so far shows that Tishchenko took a substantial step towards the commission of the crimes alleged in counts 4 and 5. The government produced its case agent's report of Skype conversations and emails with Tishchenko from March of 2016, but those discussions cover general availability of various flight manuals, and do not go beyond preliminary plans to exchange flight manuals in the future. In fact, the case agent ends the March 2016 report with: "This investigation continues."

## ARGUMENT

### THE INDICTMENT FAILS TO INFORM TISHCHENKO ABOUT HOW HE ATTEMPTED TO EXPORT FLIGHT MANUALS BETWEEN MARCH 23 AND MARCH 26, 2016.

This Court should dismiss counts 4 and 5 because the prosecution did not list any facts in the Indictment to support the allegation that between March 23 and March 26 of 2016, Tishchenko took a substantial step towards exporting flight manuals out of the United States.

"The indictment or information must be plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the

indictment as a bar to any subsequent prosecution for the same offense." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing Russell v. United States. 369 U.S. 749, 763-64 (1962) (further citations omitted).

Conversely, "[a]n indictment not so framed is defective, although it may follow the language of the statute." United States v. Simmons, 96 U.S. 360, 362 (1877). This means that, "the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under general description, with which he is charged." United States v. Hess, 124 U.S. 483, 487 (1888).

## I. On its face the Indictment merely follows the language of the statute without describing the offending conduct.

First, the Indictment in this case is constitutionally deficient on its face because it does not apprise Mr. Tishchenko of the conduct he must defend against. In both counts 4 and 5, the government has to prove that Tishchenko knowingly attempted to export goods from the United States. "[T]o prove attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and (2) the defendant took a substantial step towards commission of that crime." Tenth Circuit Criminal Pattern Jury Instructions No. 1.32; United States v. Irving, 665 F.3d 1184, 1197 n.14 (10th Cir. 2011). "Substantial step" requires "'an overt act pointed directly to the commission of the crime charged.'" United States v. Savaiano, 843 F.2d 1280, 1296 (10th Cir. 1988) (citation omitted). It "must be conduct strongly corroborative of the firmness of defendant's criminal intent." Savaiano, 843 F.2d at 1296 (citations omitted) (quotation omitted). Ultimately, "[a] 'substantial step is something beyond mere preparation[,]" and it must "demonstrate commitment to the crime charged." Tenth Circuit Criminal Pattern Jury Instructions No. 1.32.

3

In this case, it is impossible to ascertain from the Indictment what specific conduct the government is accusing Tishchenko of committing. While the Indictment describes the 2011 eBay transaction in some detail, it does not say what occurred in March of 2016, and it never mentions the three manuals listed in counts 4 and 5. Because the Indictment does not inform Tishchenko of what conduct he must defend against, this Court should dismiss counts 4 and 5.

II.     **The government cannot prove attempt beyond a reasonable doubt as a matter of law.**

Second, while the Indictment in this case says nothing about counts 4 and 5 beyond listing the statutory elements and the three manuals at issue, under some circumstances this Court can consider the weight of the government's evidence in determining whether, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." Hall, 20 F.3d at 1088. To that end, district courts have "authority, under certain limited circumstances, to go beyond the allegations of the indictment and make predicate findings of fact." Id. They may "dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination of regarding a submissible case." Id.

In this case, even if the government asked this Court to consider its information against Tishchenko in deciding whether it has sufficient evidence to convict him of the attempts, the materials received by the defense in the discovery so far cannot establish attempt to violate 22 USC § 2778 or 18 USC § 554 as a matter of law.

In essence, in March of 2016, an agent reached out to Tishchenko on Skype after contacting him first on the DCS gaming forum.[1] From their conversation it appears that the

---

[1] Since before 2011 Tishchenko has been employed as a programmer with Eagle Dynamics, Digital Combat Simulator (DCS). Both the 2011 and the 2016 allegations originated with discussions on a public internet DCS

4

agent contacted Tishchenko about obtaining flight manuals.  Tishchenko first suggested searching on Google.  After the agent offered that he could get most manuals because his father worked for the air force, Tishchenko replied that he has been collecting manuals for many years and has not been able to obtain some which he needed to develop flight simulator games.   The two then continued to discuss what manuals they were looking for and how they could exchange them in the future.

Three days later, Tishchenko sent the agent an email with the list of manuals he wanted "to get one day."  The agent replied that he would start working on the manuals from the list and on March 29 the two connected on Skype again.  The agent informed Tishchenko that he could get most of the manuals on the list and suggested meeting in New York City. Tishchenko replied that he could not afford to come to the United States and the two never discussed when they would meet, or when the agent might get the manuals.  They continued to discuss the availability of certain manuals on line, ways to trade manuals, and Tishchenko's work as a programmer for Eagle Dynamics.  They also briefly mentioned the option of meeting in Prague.  The conversation ended there, however, and, according to the agent's report "investigation continue[d]."

This information does not support the allegation that between March 23 and March 26 of 2016 Tishchenko committed an overt act beyond mere preparation to export flight manuals from the United States.  While the conversation, if admitted into evidence, shows preparations for an exchange by way of discussing trading options and availability of flight manuals in general, no actual plan materialized from the discussion.  At best, the government could show that between March 23 and March 26 of 2016 the parties agreed to trade manuals at some time in the future,

---

gaming forum, where Tishchenko allegedly tried to obtain flight manuals, to aid in developing flight simulators for Eagle Dynamics computer games.

and that Tishchenko emailed the agent the list of manuals he would like to get one day. The two have never agreed to exchange anything nor arranged the time, place, or mode of the exchange.

Even if the government asked this Court to consider its proposed evidence, as a matter of law this information alone cannot prove the attempt to commit offenses charged in counts 4 and 5 beyond a reasonable doubt. For this reason, this Court should grant the motion to dismiss.

DATED this 6th day of May 2019.

*/s/ Wojciech Nitecki*
WOJCIECH NITECKI
Assistant Federal Public Defender

*/s/ Robert L. Steele*
ROBERT L. STEELE
Assistant Federal Public Defenders