JOHN W. HUBER, United States Attorney (#7226)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
JUN 19 2019
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> OLEG MIKHAYLOVICH TISHCHENKO, <br><br> Defendant. | Case No. 2:16 cr 034DAK <br><br> STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) <br><br> Judge Dale A. Kimball |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts 2 and 3 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Count 2, Arms Export Control Act are:

> a) The defendant knowingly exported a defense article, to wit:
> • Document entitled "TO 1F-16A-2-00FR-00-1, Technical Manual Fault Isolation Organization Maintenance Fault Reporting USAF/EPAF Series F-16A and F-16B; contains technical data by Category VIII (i) on the USML;
> • Document entitled "TO 1F-16A-2-00GV-00-1, Technical Manual General Vehicle Organizational Maintenance Description USAF/EPAF Series F-16A and F-16B Aircraft; contains technical data by Category VIII (i) on the USML;

b) A license was required from the U.S. State Department for the defendant's export of the defense articles;

c) The defendant exported defense articles without first obtaining a license from the U.S. State Department; and

d) the defendant acted willfully.

The elements of Count 3, Smuggling are:

a) The defendant knowingly and fraudulently exported merchandise from the United States, to wit:
• Document entitled "TO 1F-16A-2-00FR-00-1, Technical Manual Fault Isolation Organization Maintenance Fault Reporting USAF/EPAF Series F-16A and F-16B; contains technical data by Category VIII (i) on the USML;
• Document entitled "TO 1F-16A-2-00GV-00-1, Technical Manual General Vehicle Organizational Maintenance Description USAF/EPAF Series F-16A and F-16B Aircraft; contains technical data by Category VIII (i) on the USML;

b) The defendant's exportation was contrary to the laws and regulations of the Unites States, to wit: 22 U.S.C. § 2278 Arms Control Act; and

c) The defendant knew the exportation of the merchandise was contrary to the laws and regulations of the United States.

2. I know that the maximum possible penalty provided by law for Count 2 of the Indictment, a violation of 22 U.S.C. § 2278, is a term of imprisonment of ten (10) years, a fine of $1,000,000.00, a term of supervised release of three (3) years and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count 3 of the Indictment, a violation of 18 U.S.C. § 554, is a term of imprisonment of ten (10) years, a fine of $250,00.00, a term of supervised release of three (3) years and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

On June 22, 2011, I initiated a chat entitled "Help needed with eBay item shipping." I addressed online forum users by stating I was preparing to bid on a series of F-16 A/B Air Defense Fighter (ADF) manuals being sold on eBay. I requested shipping assistance from forum users due to the restrictions placed on international bidders. I informed the DCS forum that the seller would not ship the items outside of the United States, and I requested that a DCS forum user receive the packages and export the items to Moscow, Russia.

On June 23, 2011, a DCS forum user "Moby" later identified as co-defendant Kenneth Sullivan, offered to assist me with receiving and exporting the F-16 A/B flight manuals. From June 23, 2011, through June 27, 2011, various DCS forum users communicated warnings to me and Sullivan that our conduct was illegal and to, "google ITAR." eBay also placed ITAR warnings on their site directed toward me. Despite the warnings I proceeded to obtain the flight manuals. On October 25, 2011, Sullivan posted a communication acknowledging that he had shipped the flight manuals to me in Moscow, Russia. Sullivan and I joked with that, "If I (Sullivan) get busted can you send me a hacksaw."

I acknowledge that the F-16 flight manuals were export controlled under the Arms Control Act and appear on the United States Munitions List.

I admit that my conduct violated 22 U.S.C. § 2778, 18 U.S.C. § 554.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Counts 2 and 3 of the indictment.

4

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be Credit for Time Served of twelve (12) months' and 1 day imprisonment and 36 months supervised release, which I agree is a reasonable sentence. The parties agree to forgo a presentence report and agree the defendant should be sentenced on the date of his entry of guilty pleas.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of Credit for Time Served of twelve (12) months' and 1-day imprisonment and 36 months supervised release, will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than Credit for Time Served of twelve (12) months' and 1-day imprisonment and 36 months supervised release, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 1, 4, and 5 at the time of sentencing.

d. **Relevant Conduct.** I understand and agree that the Court may consider conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _42_ years of age. My education consists of _12th_. I _____ [(can)/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.  I have no mental reservations concerning the plea.

9.  I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this **19th** day of **June**, 2019.

_____
OLEG MIKHAYLOVICH
TISHCHENKO
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this **19th** day of **June**, 2019.

_____
WOJCIECH NITECKI
ROBERT L. STEELE
Attorneys for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this **19th** day of **June**, 2019.

JOHN W. HUBER
United States Attorney

/s/ Carlos A. Esqueda
_____
CARLOS A. ESQUEDA
Assistant United States Attorney